UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN ROMANO, on behalf of himself
individually and for all others similarly
situated,

                                  Case No. 2:21-cv-12966-SJM-JJCG

      Plaintiffs,

                                  Hon. Stephen J. Murphy

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN, a Michigan nonprofit
mutual insurance company,

      Defendant.

| | |
|---|---|
| Dave Peters (P48648) | Scott R. Knapp (P61041) |
| PACIFIC JUSTICE INSTITUTE | Brandon C. Hubbard (P71085) |
| Metro Detroit Office | Maureen J. Moody (P85032) |
| PO Box 51787 | DICKINSON WRIGHT PLLC |
| Livonia, MI 48154 | 123 W. Allegan Street, Suite 900 |
| dpeters@pji.org | Lansing, MI 48933 |
| (734) 743-5352 | (517) 487-4714 |
| Attorneys for Plaintiff | sknapp@dickinsonwright.com |
| | bhubbard@dickinsonwright.com |
| | mmoody@dickinsonwright.com |
| | Attorneys for Defendant |

**BLUE CROSS BLUE SHIELD OF MICHIGAN'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

## **Table of Contents**

I.   INTRODUCTION ............................................................................1

II.  FACTUAL BACKGROUND............................................................2

III. LEGAL STANDARD ....................................................................4

IV. ARGUMENT..................................................................................5

   A.   Plaintiff is Unlikely to Succeed on the Merits of his Claim .......................5

      1.   Plaintiff's Title VII Claim Has a Low Likelihood of Success on the
           Merits Because Plaintiff Has Not Exhausted his Administrative
           Remedies ...............................................................................5

      2.   Plaintiff's Title VII Claim Has a Low Likelihood of Success on the
           Merits Because it is Unsupported by the Record ......................................7

      3.   Plaintiff Did Not Assert an "Establishment Clause," or any other
           Constitutional Claim, and Any Such Claim Fails as a Matter of
           Law .......................................................................................9

   B.   Plaintiff Has Not Established Irreparable Harm .........................................11

   C.   Weighing the Balance of Hardships, the Court Should Deny the Motion .14

   D.   Denying the Motion Serves the Public Interest .........................................16

V.  CONCLUSION...............................................................................16

## Table of Authorities

**Cases**

*Amoco Prod. Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531 (1987) .......................14

*Aviles-Wynkoop v. Neal*, 978 F. Supp. 2d 15 (D. D.C. 2013) ...................................7

*Beckerich v. St. Elizabeth Medical Cntr*, -- F. Supp. 3d --, 2021 WL
4398027 (E.D. Ky. Sept. 24, 2021) ............................................................. passim

*Colvin v. Caruso*, 605 F.3d 282 (6th Cir. 2010) ......................................................11

*Coulthard v. Trott & Trott, P.C.*, No. 12-13601, 2013 WL 12116368
(E.D. Mich. Mar. 21, 2013) .................................................................................7

*D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324 (6th Cir. 2019) ......................................11

*Doe 1 v. NorthShore Univ. HealthSystem*, No. 21-cv-05683, 2021 WL
5578790 (N.D. Ill. Nov. 30, 2021), *appeal pending* (No. 21-3242)......................1

*Doe v. Cin-Lan, Inc.*, No. 08-cv-12719, 2008 WL 4960170 (E.D.
Mich. Nov. 20, 2008)..........................................................................................12

*Essroc Cement Corp. v. CPRIN, Inc.*, 593 F. Supp. 2d 962 (W.D.
Mich. 2008)..........................................................................................................13

*Georgia v. Biden*, -- F. Supp. 3d --, 2021 WL 5779939 (S.D. Ga. Dec.
7, 2021) .................................................................................................................3

*Granderson v. Univ. of Mich.*, 211 Fed App'x 398 (6th Cir. 2006)....................5, 7

*Hailey v. Cieply,* No. 1:20-cv-1248, 2021 WL 2946492 (W.D. Mich.
July 14, 2021).......................................................................................................10

*Jerome v. Viviano Food Co., Inc.*, 489 F.2d 965 (6th Cir. 1974)............................7

*Leary v. Daeschner*, 228 F.3d 729 (6th Cir. 2000)..................................................5

*Lockett v. Potter*, 259 Fed App'x 784 (6th Cir. 2008)..............................................6

*Loftus v. Blue Cross Blue Shield of Michigan*, No. 08–13397, 2010
WL 1139338 (E.D. Mich. Mar. 24, 2010)...........................................................8

*Overstreet v. Lexington-Fayette Urban County Govt*, 305 F.3d 566
(6th Cir. 2002)...................................................................................... 5, 11, 12, 13

*Rhoades v. Savannah River Nuclear Solutions, LLC*, No. 1:21-cv-03391-JMC, 2021 WL 5761761 (D. S.C. Dec. 3, 2021), *appeal pending* (No. 21-2381)...........................................................................2

*Sambrano v. United Airlines, Inc.*, -- F. Supp. 3d --, 2021 WL 5176691 (N.D. Tex. Nov. 8, 2021), *appeal pending* (No. 21-11159)...................1

*Samuel v. Herrick Memorial Hosp.*, 201 F.3d 830 (6th Cir. 2000)..........................8

*Sataki v. Broad. Bd. of Governors*, 733 F. Supp. 2d 22 (D.D.C. 2010) .................13

*Turner v. Thurau*, No. 20-cv-12010, 2021 WL 3132734 (E.D. Mich. May 24, 2021)......................................................................................10

*Valdez v. Grisham*, -- F. Supp. 3d --, 2021 WL 4145746 (D. N.M. Sept. 13, 2021), *appeal pending* (No. 21-2105) ....................................... 1, 15, 16

*Williams v. Northwest Airlines, Inc.*, 53 Fed App'x 350 (6th Cir. 2002) ......................................................................................................6

*Woodruff v. Caris MPI, Inc.*, No. 3:21-cv-2993-B, 2021 WL 5760506 (N.D. Tex. Dec. 3, 2021) ..........................................................................1

## Other Authorities

42 U.S.C. § 2000e-5(f)(1) ........................................................................5

Executive Order No. 14042, 86 Fed. Reg. 50985 (Sept. 9, 2021)............................2

OSHA ETS, 29 C.F.R. § 1910.501 ...........................................................3

NOW COMES Defendant Blue Cross Blue Shield of Michigan ("BCBSM"), by and through its undersigned counsel, and states as follows for its Response in Opposition to Plaintiff Ryan Romano's ("Plaintiff") Motion for Preliminary Injunction:

## I.   INTRODUCTION

Plaintiff's Motion for Preliminary Injunction (the "Motion") improperly asks this Court to enjoin BCBSM—a private employer and Michigan's largest health insurer—from enforcing its COVID-19 mandatory vaccination policy.   Courts across the country have carefully considered this question, in the context of facts and claims just like this case, and routinely denied the same requested relief.[1]   Plaintiff

---

[1]   *See Barrington v. United Airlines, Inc.*, -- F. Supp. 3d --, 2021 WL 4840855, * 4-6 (D. Colo. Oct. 14, 2021)  (denying injunctive relief and finding plaintiff was unlikely to succeed on merits of Title VII claim where plaintiff failed to exhaust administrative remedies before filing suit); *Doe 1 v. NorthShore Univ. HealthSystem*, No. 21-cv-05683, 2021 WL 5578790, * 6-8 (N.D. Ill. Nov. 30, 2021), *appeal pending* (No. 21-3242) (denying injunctive relief because plaintiffs did not suffer irreparable harm by employer conditioning continued employment on receipt of vaccine); *Sambrano v. United Airlines, Inc.*, -- F. Supp. 3d --, 2021 WL 5176691, *4-8 (N.D. Tex. Nov. 8, 2021), *appeal pending* (No. 21-11159) (denying injunctive relief and rejecting various theories of irreparable harm relating to plaintiffs' claim that employer failed to offer reasonable accommodation under Title VII by requiring employees to receive a vaccine); *Woodruff v. Caris MPI, Inc.*, No. 3:21-cv-2993-B, 2021 WL 5760506, * 2-4 (N.D. Tex. Dec. 3, 2021) (denying injunctive relief because there was no irreparable harm where plaintiffs' religious exemption requests were denied by private employer); *Valdez v. Grisham*, -- F. Supp. 3d --, 2021 WL 4145746, * 13 (D. N.M. Sept. 13, 2021), *appeal pending* (No. 21-2105) (denying injunctive relief, in part, because balance of harms "tip[ped] in [d]efendant's favor given the strong public interest [] they are promoting – preventing further spread of COVID-19"); *Reese v. Tyson Foods, Inc.*, No. 3:21-05087-CV-RK, 2021 WL

1

provides to this Court nothing that compels a contrary result and, respectfully, Plaintiff's Motion should be denied.

## II.    FACTUAL BACKGROUND

Plaintiff is employed by BCBSM out of its Renaissance Center office in Detroit, Michigan. ECF No. 1-1, PageID.11, ¶ 10. In October 2021, BCBSM adopted a mandatory COVID-19 vaccination policy for its employees (the "Vaccination Policy" or "Policy"). **Exhibit 1**, Declaration of Patricia R. Snyder, ¶ 3. Pursuant to the Policy, all BCBSM employees are required to be fully vaccinated by January 4, 2022, or have an approved medical or religious accommodation, to avoid being separated from the company on January 5, 2022. *Id.* at ¶ 4.[2]  BCBSM adopted the

---

5625411 (W.D. Mo. Nov. 30, 2021) (denying injunctive relief and finding balance of harms weighed in favor of defendant employer where plaintiff's harms were "primarily economic," and injunctive relief would "require [d]efendant to fundamentally change its strategy for addressing the health risks facing its employees due to the COVID-19 pandemic"); *Rhoades v. Savannah River Nuclear Solutions, LLC*, No. 1:21-cv-03391-JMC, 2021 WL 5761761, * 19 (D. S.C. Dec. 3, 2021), *appeal pending* (No. 21-2381) (denying injunctive relief where there existed no irreparable harm because, "if [p]laintiffs choose to remain unvaccinated and they are ultimately terminated, loss of employment is not considered to be an irreparable injury"); *Beckerich v. St. Elizabeth Medical Cntr*, -- F. Supp. 3d --, 2021 WL 4398027, * 9 (E.D. Ky. Sept. 24, 2021) (denying injunctive relief and noting: "If an employee believes his or her individual liberties are more important than legally permissible conditions on his or her employment, that employee can and should choose to exercise another individual liberty, no less significant – the right to seek other employment.").

[2]     As a federal contractor, BCBSM was required to implement a vaccination policy to comply with Executive Order No. 14042 issued by President Biden to control the spread of COVID-19. *See e.g.*, Executive Order No. 14042, 86 Fed. Reg. 50985 (Sept. 9, 2021).  On December 7, 2021, United States District Court Judge R.

Vaccination Policy to help safeguard the health and wellbeing of BCBSM's employees and others who interact with BCBSM's employees. *Id.* at ¶ 3.

Plaintiff alleges that he is a "representative member of [a] class of employees and contractors at BCBSM" who were denied a religious exemption request and "threatened with permanent termination" for refusing to comply with the Vaccination Policy. ECF No. 1-1, PageID.11-12, ¶ 11. Plaintiff alleges that he, and others in his putative class, "all have sincerely held religious beliefs and have made a personal decision…that the vaccine is not the correct choice for them to personally put into their bodies." *Id.* at PageID.12, ¶ 10. Plaintiff further contends that he and others in his putative class "have sincerely held beliefs that knowingly using a medicine or vaccine that was derived in whole or in part from the use of aborted fetal cells is contrary to their religious beliefs and practices." *Id.* at PageID.12, ¶ 11.

Based on the above, Plaintiff asserts that BCBSM "violated Title VII, 42 USC Section 2000e and parallel State statutes under Title VII" by failing to reasonably accommodate his sincerely held religious belief. *Id.* at PageID.16, ¶ 22. Although

---

Stan Baker of the Southern District of Georgia issued a nationwide injunction enjoining enforcement of Executive Order No. 14042. *See e.g.*, *Georgia v. Biden*, -- F. Supp. 3d --, 2021 WL 5779939 (S.D. Ga. Dec. 7, 2021). Additionally, BCBSM is required to implement a vaccine policy in response to an Emergency Temporary Standard issued by the Occupational Safety and Health Administration, mandating employers with 100 or more employees to either require its employees to obtain the COVID-19 vaccine or submit to weekly testing. *See e.g.*, OSHA ETS, 29 C.F.R. § 1910.501.

Plaintiff alleges that he, and others in his putative class, "filed complaints with the Equal Employment Opportunity Commission" ("EEOC") relating to their claims of religious discrimination, BCBSM has no record of Plaintiff filing any such charge. Ex. 1, at ¶ 7.[3] Indeed, Plaintiff failed to provide any evidence, other than his unsworn statement, that he, or anyone else in the putative class filed such a charge with the EEOC. Regardless of whether Plaintiff actually filed a charge with the EEOC, he admits in his Complaint that it is "still pending." ECF No. 1-1, PageID.16, ¶ 22(g).

In his Motion, Plaintiff seeks an injunction to prevent his termination. *Id.* at PageID.17. Absent an injunction, Plaintiff contends he will suffer irreparable harm in the form of "loss of employment, status, prestige, lost wages, lost seniority, future employment, and other monetary and non-monetary damages[.]" *Id.* PageID.16-17, ¶ 23(a).

## III.   LEGAL STANDARD

In determining whether to issue a preliminary injunction, the Court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause

---

[3]   This is unusual because, in the ordinary course, when a BCBSM employee files a charge of discrimination with the EEOC, the EEOC notifies BCBSM of same by sending notice of the charge to BCBSM through a web-based EEOC Respondent Portal. *Id.* at ¶ 6.

substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Govt*, 305 F.3d 566, 573 (6th Cir. 2002) (affirming denial of injunctive relief and noting: "The fact that an individual may lose his income for some extended period of time does not result in irreparable harm."). The "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (affirming denial of injunctive relief where plaintiffs failed to establish a likelihood of success on the merits).

## IV.   ARGUMENT

### A.   Plaintiff is Unlikely to Succeed on the Merits of his Claim

#### 1.   Plaintiff's Title VII Claim Has a Low Likelihood of Success on the Merits Because Plaintiff Has Not Exhausted his Administrative Remedies

"It is well settled that a plaintiff must satisfy two prerequisites before filing a Title VII action in federal court: (1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue ("right-to-sue letter")." *Granderson v. Univ. of Mich.*, 211 Fed App'x 398, 400 (6th Cir. 2006) (affirming dismissal of Title VII claim where plaintiff did not properly exhaust administrative remedies before filing suit), citing 42 U.S.C. § 2000e-5(f)(1). Only after the plaintiff has obtained a "right to sue" letter

from the EEOC, may he or she bring a Title VII action in court. *Id.* Where the plaintiff fails to properly exhaust his administrative remedies, his Title VII claim fails. *Id.; see also Lockett v. Potter*, 259 Fed App'x 784, **1-2 (6th Cir. 2008) (dismissing Title VII claim pursuant to Rule 12(b)(6) where there was "no indication [] that [plaintiff]" "engaged in the required [pre-suit] activity," such as filing a complaint with the EEOC); *Williams v. Northwest Airlines, Inc.*, 53 Fed App'x 350, 351-52 (6th Cir. 2002) (dismissing Title VII claim for failure to timely exhaust administrative remedies where, despite court's issuance of two previous orders directing the plaintiff to allege facts demonstrating that his administrative charges were timely filed, plaintiff's amended complaint contained "no additional detail concerning [plaintiff's] efforts to exhaust this Title VII" claim).

The EEOC notifies BCBSM when an employee files a charge. *See* Ex. 1, ¶ 6. In this case, the EEOC has not sent to BCBSM any notification alerting it to Plaintiff's filing of a discrimination charge. *Id.* at ¶ 7. Thus, it is doubtful Plaintiff actually initiated the administrative process that serves as a prerequisite to his filing of a lawsuit in federal court. Regardless, the Complaint alleges that "Plaintiffs have filed complaints with the Equal Employment Opportunity Commission. *Each of the complaints are (sic) still pending*." ECF No. 1-1, PageID.16, ¶ 22(g) (emphasis added). Even if Plaintiff's assertion is true, and he filed an EEOC charge that is still pending, he failed to exhaust his administrative remedies by filing suit before

receiving a "right to sue letter." *Granderson*, 211 Fed App'x at 400. As a result,

Plaintiff failed to establish a likelihood of success on the merits of his Title VII

claim. *See Jerome v. Viviano Food Co., Inc.*, 489 F.2d 965, 966-67 (6th Cir. 1974)

(affirming denial of preliminary injunction and dismissal of Title VII claim where

plaintiff "did not await disposition of her complaints before the EEOC [], or the

issuance of a letter by the EEOC certifying that there was reasonable cause for her

to bring suit" before filing); *Barrington*, 2021 WL 4840855, at * 6 (denying

preliminary injunction and finding Title VII plaintiff failed to establish likelihood of

success on the merits where plaintiff had not exhausted administrative remedies);

*Aviles-Wynkoop v. Neal*, 978 F. Supp. 2d 15, 33 (D. D.C. 2013) (same).[4]

### 2. Plaintiff's Title VII Claim Has a Low Likelihood of Success on the Merits Because it is Unsupported by the Record

In addition to the above, Plaintiff has failed to establish a likelihood of success

on the merits of his Title VII claim because there is absolutely no evidence in the

record regarding Plaintiff's (alleged but not verified) sincerely-held religious beliefs.

To establish a *prima facie* religious discrimination claim under Title VII, an

---

[4]    Although Plaintiff's Complaint ostensibly asserts a claim under the Elliot
Larsen Civil Rights Act (ECF No. 1-1, PageID.16, ¶ 22), Plaintiff fails to even
mention such claim in his Motion. Thus, Plaintiff has failed to establish a likelihood
of success on the merits of that claim. *See Coulthard v. Trott & Trott, P.C.*, No. 12-
13601, 2013 WL 12116368, * 5 (E.D. Mich. Mar. 21, 2013) (no likelihood of success
on the merits where "Plaintiffs wholly fail[ed] to address the elements of their seven
claims").

employee must demonstrate that: (1) he holds a sincere religious belief that conflicts with an employment requirement; (2) he has informed his employer of the conflict; and (3) he was discharged or disciplined for failing to comply with the conflicting requirement. *Loftus v. Blue Cross Blue Shield of Michigan*, No. 08–13397, 2010 WL 1139338, * 4 (E.D. Mich. Mar. 24, 2010) (granting summary judgment to BCBSM on a Title VII claim where plaintiff failed to provide sufficient evidence of a sincerely held religious belief because "[p]laintiff's desire to travel to the Holy Land for six months was based on his personal preference rather than a religious obligation").[5]

Here, Plaintiff's request for injunctive relief is supported by nothing more than bare allegations in his *unverified* Complaint that he has "sincerely held religious beliefs" and has "made a personal decision" not to take the COVID-19 vaccine. ECF No. 1-1, PageID.12, ¶¶ 10-11. These allegations are unsubstantiated and unsupported by any verification, declaration, affidavit, or other evidence. Thus, they do little, if anything, to establish a likelihood of success on the merits of Plaintiff's Title VII claim for purposes of the present Motion. *See Samuel v. Herrick Memorial Hosp.*, 201 F.3d 830, 834 (6th Cir. 2000) (dissolving preliminary injunction where

---

[5]     If the employee establishes a *prima facie* case of religious discrimination, the burden shifts to the employer to prove that it offered a reasonable accommodation to the employee's request, or that it could not reasonably accommodate the employee without undue hardship in the conduct of its business. *Id.*

there was "minimal evidence in the record to demonstrate a *likelihood* of success on the merits of plaintiff's claims" and the "facts alleged in the complaint [were] barely adequate to survive a motion to dismiss on the federal discrimination and antitrust claims") (emphasis in original).

### 3. Plaintiff Did Not Assert an "Establishment Clause," or any other Constitutional Claim, and Any Such Claim Fails as a Matter of Law

Plaintiff spends four and half pages of his Motion discussing the Establishment Clause of the First Amendment, arguing, without citation to any authority,[6] that "the fact [that BCBSM] is a private employer provides no protection for violations of religious liberty." ECF No. 1-1, PageID.25-29. Plaintiff takes another five pages of the Motion to argue (again, without citation to case law) that BCBSM's Vaccination Policy is "arbitrary and capricious." *Id.* at PageID.31-35.[7] Plaintiff's constitutional arguments are entirely without merit.

---

[6] Along similar lines, Plaintiff, citing *Niemotko v. Maryland,* 340 U.S. 268 (1951), claims that "[n]either private nor governmental actions that impermissively (sic) violate religious freedom are protected under our Constitutional System." ECF No. 1-1, PageID. 28. *Niemotko* does not stand for this proposition. In *Niemotko*, the Supreme Court overturned two convictions for disorderly conduct that were based on a *city government's* denial of a religious group's permit to meet in a public park. *Niemotko*, 340 U.S. at 272. Thus, *Niemotko* is inapposite because it clearly involved a state actor.

[7] Plaintiff's "arbitrary and capricious" argument appears to be copied and pasted from separate litigation. In this section of his brief, Plaintiff states that he and unnamed others were "exposed to COVID (primarily) *by their patients* in the course of risking their lives to save others. They contracted COVID and now have recovered

First, "[a]s a non-state actor, any [] constitutional claim against [BCBSM] fails as a matter of law." *Turner v. Thurau*, No. 20-cv-12010, 2021 WL 3132734, n. 7 (E.D. Mich. May 24, 2021); *Beckerich*, 2021 WL 4398027, at * 3 ("Notably, a well settled principle of constitutional law is that there exists a line between state action subject to Fourteenth Amendment scrutiny and private conduct (however exceptional) that is not…Put simply, without establishing that Defendants are state actors, Plaintiffs' constitutional claims cannot stand, and thus have zero likelihood of success on the merits.").

Second, and more fundamentally, Plaintiff's Complaint does not assert an Establishment Clause (or any other constitutional) claim. Instead, Plaintiff asserts only a claim for "Title VII, 42 USC Section 2000e and parallel State statutes." ECF No. 1-1, PageID.16, ¶ 22. "Plaintiff cannot seek to bring entirely new claims into this action by way of a motion for preliminary injunction[.]" *Hailey v. Cieply,* No. 1:20-cv-1248, 2021 WL 2946492, *8 (W.D. Mich. July 14, 2021). Thus, Plaintiff's

---

and furthermore, they can show that they have antibodies…[f]orcing this cohort, who have contracted COVID and recovered…to submit to a Vaccine …is absurd and appears particularly sinister, with no apparent relationship to the stated cause of preventing the spread of COVID *in the hospital*." ECF 1-1, PageID. 34-35 (emphasis added). BCBSM is not a hospital, and Plaintiff's Complaint contains no allegations that he, or any other putative class member, contracted COVID from a patient. Thus, this section of the Motion appears to have been lifted from an entirely separate brief, and thus has limited (if any) application to the present action. The same applies to those portions of the brief in which Plaintiff refers to the Defendant in this action as "Ascension." *See Id.* at PageID.37, 40.

purported constitutional claims, raised for the first time in the Motion, do not assist Plaintiff in establishing the element of likely success on the merits. *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (affirming denial of preliminary injunction where plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint.").

### B.    Plaintiff Has Not Established Irreparable Harm

Irreparable harm is an "indispensable" requirement for a preliminary injunction, and without it injunctive relief cannot be granted. *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326 (6th Cir. 2019) ("even the strongest showing on the other three factors cannot eliminate the irreparable harm requirement.") (citation and quotations omitted).  Plaintiff's Motion must thus be denied on this basis alone— there exists here no irreparable harm.

In 2002, the Sixth Circuit announced that a plaintiff "will not suffer irreparable harm by virtue of the fact that he may lose his job while th[e] litigation is pending." *Overstreet*, 305 F.3d at 579.  In *Overstreet*, the Sixth Circuit affirmed the District Court's denial of a preliminary injunction even though the plaintiff "claim[ed] that, absent the issuance of an injunction, he will suffer irreparable harm because he will be required to choose between disclosing certain personal information and being terminated from his employment." *Id.* at 579.

Plaintiff here proffers to this Court the same (i.e., meritless) "required-to-choose" theory as his ostensible basis to establish irreparable harm, e.g., "Plaintiffs have filed a Complaint alleging they will suffer irreparable injury [because] Plaintiffs will all be fired from their jobs if they refuse to submit to the COVID Vaccine by January 4, 2021." (ECF No. 1-1, PgID.24). *See also,* ECF No. 1-1, PgID.35 ("Plaintiffs will suffer irreparable injury on January 4, 2022 to the loss of their job on that date unless this [C]ourt acts."); ECF No. 1-1, PgID.10 ("This action seeks preliminary and permanent injunctive relief before Plaintiffs are permanently fired from their jobs."); ECF No. 1-1, PgID.11 ("Plaintiffs [have] the impossible choice of either taking the COVID-19 vaccine, at the expense of their religious beliefs or losing their livelihoods."). But pursuant to *Overstreet*, Plaintiff's alleged harm—loss of a job—is not in any way "irreparable." *Overstreet, supra*.[8]

The rule announced in *Overstreet* remains unchanged today. *See, e.g., Doe v. Cin-Lan, Inc.*, No. 08-cv-12719, 2008 WL 4960170, *19 (E.D. Mich. Nov. 20, 2008) (Murphy, J.) (declining to enter a preliminary injunction in a putative class action where the plaintiff asserted a violation of the anti-retaliation provisions of the Fair

---

[8]     Aside from Plaintiff's position being *legally* meritless, Plaintiff's position is also *factually* meritless—Plaintiff represents to this Court that he is held in "high professional standing" and has "high employability."  (ECF No. 1-1, PgID.35). Plaintiff thus concedes that he can secure gainful employment absent being employed by BCBSM, thereby militating against a finding that Plaintiff's alleged harm is in any way "irreparable."

Labor Standards Act, because "as a matter of law, the fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages in the form of back pay.") (citation and quotations omitted); *Sataki v. Broad. Bd. of Governors*, 733 F. Supp. 2d 22, 47 (D.D.C. 2010) (noting in a Title VII case that, "given the court's equitable powers to remedy loss in employment through, for example, back pay and time in service credit, cases are legion holding that loss of employment does not constitute irreparable injury") (citation and quotations omitted); *Essroc Cement Corp. v. CPRIN, Inc.*, 593 F. Supp. 2d 962, 969 (W.D. Mich. 2008) ("Even temporary unemployment or other *total* loss of income . . . is not irreparable harm. . . .") (emphasis in original).

Most recently the District Court for the Eastern District of Kentucky cited *Overstreet* when declining to enter a preliminary injunction in a Title VII, COVID-19 vaccination case. *See Beckerich*, 2021 WL 4398027, at * 6, 7-9. The plaintiffs in *Beckerich* advanced the same "required-to-choose" theory, and the Court properly rejected the argument.

> Loss of employment is not irreparable because it is fully compensable by money damages. In fact, wrongful termination claims exist for that very reason—whether brought under the ADA, Title VII, or some other state or federal law, a wrongfully terminated plaintiff can receive monetary damages to compensate their loss of employment.
>
> \*\*\*
>
> [N]o Plaintiff in this case is being forcibly vaccinated. . . . Rather, these Plaintiffs are choosing whether to comply with a condition of

employment, or to deal with the potential consequences of that choice. Even if they believe the condition or the consequences are wrong, the law affords them an avenue of recourse—and that avenue is not injunctive relief on this record.

***

If an employee believes his or her individual liberties are more important than legally permissible conditions on his or her employment, that employee can and should choose to exercise another individual liberty, no less significant—the right to seek other employment. [(*Id.* at **6-7, 9).]

As all of the foregoing authority readily demonstrates, Plaintiff here will suffer no irreparable harm and Plaintiff's Motion must be denied.

## C.   Weighing the Balance of Hardships, the Court Should Deny the Motion

A court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531, 542 (1987). The record—which contains zero evidence offered by Plaintiff—establishes that the hardship to BCBSM outweighs any potential injury to Plaintiff.

BCBSM's Vaccination Policy was adopted "in response to the COVID-19 pandemic and is intended to help safeguard the health and wellbeing of BCBSM's employees and others who interact with BCBSM's employees." Ex. 1, ¶ 3. And its vaccine requirement is a key element of its overall strategy for operating through the pandemic: "[T]he safe, effective, and FDA-approved vaccines available . . . are the single best way for [BCBSM] colleagues, families, and communities to defeat

14

COVID-19 and return BCBSM and [its] enterprise companies to a normal state of business operations."  Daniel Loepp, BCBSM's President and CEO, Dec. 7, 2021 Memorandum to All Employees, **Exhibit 2**.

Entering an injunction in this putative class action against BCBSM would erode BCBSM's policy and unnecessarily require BCBSM—a company in the healthcare industry—to alter its strategy for addressing health risks posed by COVID-19.  The harm imposed upon BCBSM therefore unquestionably weighs against issuing a preliminary injunction.  *See Reese*, 2021 WL 5625411, at * 5 ("Plaintiff's alleged injury is primarily economic.  The ordering of preliminary injunctive relief, on the other hand, would require Defendant to fundamentally change its strategy for addressing the health risks facing its employees due to the COVID-19 pandemic.  This factor weighs against entry of a [TRO] or preliminary injunction.") (published citation unavailable); *Barrington*, 2021 WL 4840855, at * 8 ("The issuance of an injunction . . . could require the Defendant to fundamentally alter its strategy for addressing the health risks posed to its employees and customers by the COVID-19 pandemic.  This factor thus weighs against issuing a preliminary injunction.") (published citation unavailable); *Valdez*, 2021 WL 4145746, at * 13 ("[T]he Court finds that the balance of equities tips in Defendants' favor given the strong public interest here they are promoting – preventing further spread of

COVID-19, a virus that has infected and taken the lives of thousands. . . .") (citation and quotations omitted) (published citation unavailable).

### D.    Denying the Motion Serves the Public Interest

When addressing the public's interest, "courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) .  Again, BCBSM's Policy is "intended to help safeguard the health and wellbeing of BCBSM's employees and others who interact with BCBSM's employees." Ex. 1, ¶ 3.  While Plaintiff may dismiss such safety concerns (Plfs' Br., ECF No. 1-1, PgID.39), the public interest favors measures designed to enhance the health and safety of those employed at BCBSM—Michigan's largest health insurer.  *See Barrington,* 2021 WL 4840855, at * 8 ("The Court simply cannot find that enforcement of a policy that protects other employees and conforms to the guidance of the CDC is not in the public interest").  And courts throughout the United States agree.  *Reese*, *supra; Barrington*, *supra*; *Valdez, supra; Beckerich, supra.*

## V.    CONCLUSION

For the forgoing reasons, Defendant Blue Cross Blue Shield of Michigan respectfully requests that this Honorable Court enter an order (1) denying Plaintiff's Motion for Preliminary Injunction; and (2) awarding any further relief this Court deems equitable and just.

Respectfully submitted,

Date:   December 27, 2021

/s/ *Scott R. Knapp*

Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Maureen J. Moody (P85032)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 487-4714
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
mmoody@dickinsonwright.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system. Additionally, I served a copy of this document via email and first class mail to:

/s/ *Maureen J. Moody*

Dave Peters
PACIFIC JUSTICE INSTITUTE
Metro Detroit Office
PO Box 51787
Livonia, MI 48154
dpeters@pji.org
(734) 743-5352

4883-7432-5511 v10 [19276-443]

17