UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN ROMANO,

        Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

        Defendant.

Case No. 2:21-cv-12966

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER
DENYING PRELIMINARY INJUNCTION MOTION [1]**

In December 2021, Plaintiff Ryan Romano sued his employer Blue Cross Blue Shield of Michigan in Wayne County Circuit Court for violating Title VII and similar Michigan statutes.[1] ECF 1-1, PgID 7–17. Plaintiff alleged that he would be fired on January 4, 2022 if he does not receive a COVID-19 vaccine despite his religious objection to receiving it. *Id.* at 10, 12. Plaintiff also moved for a preliminary injunction and for an evidentiary hearing on a permanent injunction. *Id.* at 18–21.

Eight days later, Defendant was served with the complaint and summons. ECF 1, PgID 2. Defendant timely removed the case under 28 U.S.C. § 1446(b). ECF 1.

The Court expedited the briefing for the pending motion. ECF 2; *see* E.D. Mich. L.R. 65.1. Having reviewed the briefs, and given the courthouse holiday closures, the

---

[1] Plaintiff asserted class action claims on behalf of similarly situated employees. ECF 1-1, PgID 10. Because the Court has not certified a class under Federal Rule of Civil Procedure 23(c), the Court will refer to Plaintiff in his personal capacity throughout this Order for simplicity.

1

Court has decided to resolve the motion without a hearing. *See* E.D. Mich. L.R. 7.1(f)(2); *see also* Fed. R. Civ. P. 65(a)(1) (requiring only that an adverse party receive "notice" before issuing a preliminary injunction). For the following reasons, the Court will deny the preliminary injunction motion.

## BACKGROUND

Plaintiff works for Defendant and has refused to receive a COVID-19 vaccine. ECF 1-1, PgID 11–12. Plaintiff claimed that he refused the vaccine based on sincere religious objections. *Id.* at 12.

Defendant has a policy, privately maintained within the company, that requires employees to receive the COVID-19 vaccine or face consequences. ECF 6-2, PgID 74; ECF 6-3, PgID 77. The policy allows religious exemptions. ECF 6-2, PgID 74. Plaintiff alleged that he has been denied a religious exemption. ECF 1-1, PgID 11–12. Because Plaintiff has refused the COVID-19 vaccine, Defendant placed him on unpaid administrative leave. *Id.* at 10. And if Plaintiff continues to refuse the vaccine, then he will be fired on January 4. *Id.*; *see* ECF 6-2, PgID 74.

Plaintiff has sought a preliminary injunction because Defendant's COVID-19 vaccine policy allegedly violates Title VII, the Michigan Elliot-Larsen Civil Rights Act, the Free Exercise Clause, and the Michigan Constitution. ECF 1-1, PgID 23.

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions. A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."

*Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (quotation omitted). "Four factors determine when a court should grant a preliminary injunction: (1) whether the party moving for the injunction is facing immediate, irreparable harm, (2) the likelihood that the movant will succeed on the merits, (3) the balance of the equities, and (4) the public interest." *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019) (citations omitted).

## DISCUSSION

The Court will deny the preliminary injunction motion because Plaintiff failed to show that he "is facing immediate, irreparable harm." *Id.* (citations omitted). "The failure to show irreparable harm, by itself, can justify the denial of preliminary injunctive relief without consideration of the other three factors." *Essroc Cement Corp. v. CPRIN, Inc.*, 593 F. Supp. 2d 962, 970 (W.D. Mich. 2008) (citation omitted). Indeed, "[i]f the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief now as opposed to at the end of the lawsuit." *D.T.*, 942 F.3d at 327 (emphasis omitted).

As the moving party, Plaintiff's irreparable "injury must be both certain and immediate, not speculative or theoretical." *Id.* (quotation and internal quotation marks omitted). A plaintiff suffers irreparable harm from the denial of a preliminary injunction if the harm "is not fully compensable by monetary damages." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002). Irreparable injury occurs "if the nature of the plaintiff's loss would make the damages difficult to

3

calculate." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) (citation omitted).

Plaintiff claimed that his damages are irreparable because he will be fired, lose prestige and seniority, have his reputation marred, and suffer "spiritual distress." ECF 1-1, PgID 35, 38. But none of the alleged harms are irreparable.

First, lost employment is not irreparable. *Overstreet*, 305 F.3d at 579. After all, income that is "wrongly withheld[,] may be recovered through monetary damages in the form of back pay." *Id.* (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). "These lost wages and benefits can be calculated to an exact amount." *Norris v. Stanley*, --- F. Supp. 3d ---, 2021 WL 3891615, at *3 (W.D. Mich. 2021). To be sure, "[p]reliminary injunctive relief is uncommon in the context of employment discrimination actions under Title VII" because "in the ordinary case, money damages are available as compensation for the loss of income." *Doe 1 v. NorthShore Univ. HealthSystem*, No. 21-cv-05683, 2021 WL 5578790, at *6 (N.D. Ill. Nov. 30, 2021). And even in the COVID-19 pandemic, Courts routinely reject lost employment as irreparable damage. *Together Emps. v. Mass Gen. Brigham Inc.*, --- F. Supp. 3d ---, 2021 WL 5234394, at *20 (D. Mass. 2021) (collecting cases).

Second, loss of prestige, seniority, and reputation are not irreparable.[2] Loss of reputation is often considered irreparable when a business that sought a preliminary injunction, such as in a trademark dispute, can show "a likelihood of confusion or possible risk to reputation." *Wynn Oil Co. v. Am. Way Serv. Corp.*, 943 F.2d 595, 608 (6th Cir. 1991) (quotation omitted and collecting cases); *see also* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2948.1 n.21 (3d ed. 2021). But in the employment context, showing that an employee's "reputation would be damaged . . . falls far short of the type of irreparable injury" that requires a preliminary injunction. *Sampson*, 415 U.S. at 91–92. And loss of seniority is not irreparable because Plaintiff can always receive "retroactive pay increase[s] and retroactive . . . seniority" as damages. *Lander v. Montgomery Cnty. Bd. of Comm'rs*, 159 F. Supp. 2d 1044, 1059 (S.D. Ohio 2001), *aff'd*, 60 F. App'x 598 (6th Cir. 2003); *see also Sambrano v. United Airlines, Inc.*, --- F. Supp. 3d ---, 2021 WL 5176691, at *5 (N.D. Tex. 2021), *aff'd*, 19 F.4th 839 (5th Cir. 2021) (mem.) (per curiam) (quotation omitted).

Third, Plaintiff failed to show that any alleged spiritual distress is irreparable. The "heart" of Plaintiff's alleged irreparable harm is "the fundamental liberty interest that employees . . . [should] not [] be forced to choose between their livelihoods and

---

[2] The Court considers "loss of prestige" and "reputational harm" as the same kind of damage. *See Reputation*, Black's Law Dictionary (11th ed. 2019) ("The esteem in which someone is held or the goodwill extended to or confidence reposed in that person by others, whether with respect to personal character, private or domestic life, professional and business qualifications, social dealings, conduct, status, or financial standing."). Plaintiff's briefing failed to identify a meaningful distinction between prestige and reputation.

5

the conscience." ECF 1-1, PgID 38; ECF 8, PgID 251. Many federal courts have dubbed that alleged harm the "impossible choice." *Sambrano*, --- F. Supp. 3d ---, 2021 WL 5176691, at *4; *see also Together Emps.*, --- F. Supp. 3d ---, 2021 WL 5234394, at *21; *Doe 1*, 2021 WL 5578790, at *6. Other federal courts have framed the issue more bluntly. *See Beckerich v. St. Elizabeth Med. Ctr.*, --- F. Supp. 3d ---, 2021 WL 4398027, at *7 (E.D. Ky. 2021) ("Plaintiffs are choosing whether to comply with a condition of employment, or to deal with the potential consequences of that choice.").

Although the Court is sympathetic to religious persons who must confront the "impossible choice," Plaintiff never developed a sound legal argument for why the injury attributable to "impossible choice" is irreparable. *See* ECF 1-1, PgID 38–39; ECF 8, PgID 251–53. Plaintiff instead cited cases that enjoined *government* COVID-19 vaccine mandates—not *private* COVID-19 vaccine mandates. *See* ECF 1-1, PgID 38–39; ECF 8, PgID 252. As Judge Pittman noted in a similar case, although "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury," the First Amendment does not apply to private companies like Defendant. *Sambrano*, --- F. Supp. 3d ---, 2021 WL 5176691, at *4 (alteration in original) (quoting *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020)); *see also Beckerich*, --- F. Supp. 3d ---, 2021 WL 4398027, at *6. Without government action underlying Defendant's vaccine mandate, Plaintiff failed to show that his "impossible choice" injury is irreparable. *Together Emps.*, --- F. Supp. 3d ---, 2021 WL 5234394, at *21. That is so because loss of employment due to purely private action can be remedied with money damages and back pay.

6

What is more, federal courts routinely reject alleged "impossible choice" injuries as not irreparable when the defendant is a private actor. *Sambrano*, --- F. Supp. 3d ---, 2021 WL 5176691, at *5 (collecting cases); *Doe 1*, 2021 WL 5578790, at *7; *Woodruff v. Caris MPI, Inc.*, No. 3:21-CV-2993-B, 2021 WL 5760506, at *4 (N.D. Tex. Dec. 3, 2021). Beyond that, the Supreme Court recently denied injunctive relief to parties challenging *New York's* COVID-19 vaccine mandate that lacked religious exemptions. *Dr. A. v. Hochul*, 142 S. Ct. 552 (2021) (mem.).

The only precedential line of reasoning the Court has found that supports Plaintiff's position is Judge Ho's dissent in the *Sambrano* appeal. 19 F.4th 839.[3] As Judge Ho put it, even if the vaccine mandate is from a private business, "to the person of faith who is forced to confront this challenge of conscience, what matters is not who imposed the mandate, but that the mandate conflicts with religious conviction." *Id.* at 841 (Ho, J., dissenting). Judge Ho's reasoning, however, relied on non-binding case law from the Second, Fifth, and Seventh Circuits. *Id.* at 842. And some cases that Judge Ho relied on involved plaintiffs suing governmental actors. *See generally Jolly v. Coughlin*, 76 F.3d 468 (2d Cir. 1996) (state prisoner suing a state correctional facility); *Doe I v. Landry*, 909 F.3d 99 (5th Cir. 2018) (erotic dancers suing the Commissioner of the Louisiana Office of Alcohol and Tobacco). In sum, Judge Ho's reasoning is compelling and persuasive, but Plaintiff never efforted to extend the reasoning to any applicable Sixth Circuit case law. The Court will thus decline to adopt Judge Ho's reasoning.

---

[3] Plaintiff never cited Judge Ho's *Sambrano* dissent. *See generally* ECF 1; 8.

7

Last, Plaintiff's "impossible choice" argument leans heavily on dicta in *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444 (7th Cir. 2013). ECF 1-1, PgID 9, 13, 38; ECF 8, PgID 252. The Seventh Circuit's dicta observed that "[a]t the risk of belaboring the obvious, Title VII aimed to ensure that employees would *not* have to sacrifice their jobs to observe their religious practices." *Adeyeye*, 721 F.3d at 456 (emphasis in original).[4] But the Sixth Circuit has never adopted *Adeyeye*'s dicta, and only one Sixth Circuit judge has cited *Adeyeye*. *Small v. Memphis Light, Gas & Water*, 952 F.3d 821, 827 (6th Cir. 2020) (Thapar, J., concurring). And Judge Thapar's concurrence appears to undercut *Adeyeye*'s dicta because, as he explained, Congress "specified that the [religious] 'hardship' must be 'undue.'" *Id.* Plaintiff also cited the same excerpt in the complaint, ECF 1-1, PgID 13, and the reply brief, ECF 8, PgID 248. Put differently, Plaintiff concedes that Title VII aims to ensure that he would not have to *unduly* sacrifice his job to observe his religion.

Even if *Adeyeye*'s dicta were to support Plaintiff's "impossible choice" injury, Plaintiff has offered no more than a shaky legal argument devoid of supporting facts. Without the crucial legal and fact development, Plaintiff failed to meet his burden that his alleged "impossible choice" injury is irreparable. *See D.T.*, 942 F.3d at 327. Plaintiff, for example, has not explained whether he has already decided to receive the COVID-19 vaccine since filing the complaint. *See* ECF 1-1; ECF 8, PgID 250–52; *see also* Wright & Miller, *supra* § 2949 ("Affidavits are appropriate on a preliminary-

---

[4] Judge Ho cited the same case in his dissent. *Sambrano*, --- F.4th ---, 2021 WL 5881819, at *4.

8

injunction motion and typically will be offered by both parties."). It follows that if Plaintiff were to have already made the "impossible choice," then the injury would not be "immediate." *D.T.*, 942 F.3d at 326–27 (quotation omitted). At bottom, Plaintiff has not met his burden to show an irreparable injury from an alleged impossible choice injury.

In the end, Plaintiff can be fully compensated with monetary damages if his case succeeds, so a preliminary injunction is unneeded. *See Overstreet*, 305 F.3d at 578–79. The Court will therefore deny the preliminary injunction motion.[5]

## CONCLUSION

The Court is receptive to Plaintiff asserting his conscientious religious liberties and recognizes the dilemma that Plaintiff and similar employees face. Because Plaintiff's religious liberties are serious, the Court expedited the pending motion.

That said, most of Plaintiff's motion and complaint focused on extraneous legal and factual issues. The present case is not about government action—it is about private business decisions. Legal discussion about the government threatening religious liberties is off topic. ECF 1-1, PgID 25–29; ECF 8, PgID 242–43, 252–53. Argument about whether Defendant acted "arbitrary and capricious[ly]" under the Administrative Procedure Act is baseless. ECF 1-1, PgID 31–35. And case law about the Occupational Safety and Health Administration's ("OSHA") vaccine mandate is

---

[5] The request to schedule an evidentiary hearing for a permanent injunction, ECF 1-1, PgID 21, is also denied because it would be futile and would waste judicial resources. Plaintiff has not met the burden for a preliminary injunction and so he cannot meet the higher burden for a permanent injunction. *See eBay Inc., v. Mercexchange, L.L.C.*, 547 U.S. 388, 391 (2006).

irrelevant because the mandate contains religious exemptions.⁶ ECF 1-1, PgID 38–39 ECF 8, PgID 252–53; *In re OSHA Mandate Cases*, --- F. 4th ---, 2021 WL 5989357, at *5. Simply put, Plaintiff pushed pointless positions in the preliminary injunction motion that never improved the legal and factual arguments for why he has a right to a preliminary injunction. At minimum, the Court "and defendants should not have to fish a gold coin from a bucket of mud to identify the allegations really at issue." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (quotation omitted).

Going forward, other plaintiffs may have an avenue for injunctive relief in Title VII COVID-19 vaccine mandate cases based on stronger legal arguments and facts. The Supreme Court has suggested as much. *Sampson*, 415 U.S. at 92 n.68 ("We recognize that cases may arise in which the circumstances surrounding an employee's discharge, together with the resultant effect on the employee, may so far depart from the normal situation that irreparable injury might be found. Such extraordinary cases are hard to define in advance of their occurrence."). Yet it is not the Court's role to advance legal and factual arguments for litigants; the Court resolves disputes based on the arguments that litigants assert.

---

⁶ If Plaintiff sought to challenge the OSHA regulation, the claim is improperly before the Court. *See* COVID-19 Vaccination and Testing; Emergency Temporary Standard, 86 Fed. Reg. 61,402 (Nov. 5, 2021) (to be codified at 29 C.F.R. pts. 1910, 1915, 1917, 1918, 1926, and 1928). Those claims were subject to multidistrict litigation before the Sixth Circuit. 28 U.S.C. § 2112(a)(3); *In re MCP No. 165, OSHA, Interim Final Rule: COVID-19 Vaccination & Testing*, --- F.4th ---, 2021 WL 5989357 (6th Cir. 2021) [hereinafter *OSHA Mandate Cases*].

10

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the preliminary injunction motion [1] is **DENIED**.

**SO ORDERED.**

                                s/ Stephen J. Murphy, III
                                STEPHEN J. MURPHY, III
                                United States District Judge

Dated: January 3, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 3, 2022, by electronic and/or ordinary mail.

                                s/ David P. Parker
                                Case Manager